## SILAS H. HODGES AND EDWARD F. HODGES v. CALEB HALL.

### Statute of frauds.

The defendant requested the plaintiffs to attend to certain suits in which the defendant's son was interested, saying that if they would do the business for his son, he (the defendant) would pay for it. The plaintiffs attended to the suits, and made their charges therefor directly to the defendant, and it did not appear that the defendant's son ever employed or promised to pay the plaintiffs. *Held*, that the services of the plaintiffs were rendered upon the credit or responsibility of the defendant, and that his promise to pay for them was an original promise and not within the statute of frauds.

BOOK ACCOUNT. The plaintiffs' account was for their services, &c., as attorneys. The disputed items were charges for services and expenses in suits in which Caleb B. Hall, a son of the defendant, was a party, in reference to which the auditor reported the following facts:

In January, 1842, the defendant told one of the plaintiffs that Caleb B. Hall wished to procure a discharge as a bankrupt, and that he, the defendant, wanted the plaintiffs to take hold of the business for the said Caleb B. Hall, and do such professional business as might be required by the said Caleb B. in suits in which he was interested, referring to suits arising from his then recent failure in business as a merchant; and on this occasion, the defendant said that if the plaintiffs would do the business

15

for the said Caleb B. Hall, he, the defendant, would pay for it. The services and expenses were charged by the plaintiffs to the account of the defendant. During the progress of the suits in which the said Caleb B. Hall was interested, the defendant occasionally talked with the plaintiffs concerning the same. On the 12th of June, 1847, Silas H. Hodges, one of the plaintiffs, sent a letter of that date to Caleb B. Hall, calling upon him for a settlement of the claims of the plaintiffs against him, and in January, 1849, the plaintiffs presented to the said Caleb B. an account embracing the same services and expenses above referred to, but at the same time claimed that the defendant was liable for them. There was no undertaking on the part of the defendant to the plaintiffs to become accountable for their professional services and expenses in any particular suit in which Caleb B. Hall was interested as aforesaid, and no particular suit was mentioned by the defendant or plaintiffs in this connection, in any conversation held between the defendant and the plaintiffs, or either of them; and there was no other undertaking on the part of the defendant to the plaintiffs in reference to the said suits in which Caleb B. Hall was a party or interested, except that above mentioned.

These charges were allowed both by the auditor and by the county court, at the March Term, 1856, — PIERPOINT, J., presiding, — and to their allowance the defendant excepted.

*R. R. Thrall*, for the defendant.

The undertaking of the defendant was collateral and within the statute of frauds. Caleb B. Hall was and is still liable for these charges, and he received the entire benefit of the plaintiffs' services; *Smith* v. *Ide*, 3 Vt. 290; *Skinner & B.* v. *Conant*, 2 Vt. 455; *Aldrich* v. *Jewell*, 12 Vt. 125; *Newell* v. *Ingraham*, 15 Vt. 422, 425.

*S. H. Hodges*, for the plaintiffs.

The opinion of the court was delivered by

ISHAM, J. The objection to the plaintiffs' recovery in this case is confined to that portion of the plaintiffs' account which consists of services as attorneys in the business of one Caleb B. Hall.

The only question in the case is, whether the promise of the defendant to pay for those services is void as being within the statute of frauds. The auditor finds that, before any services had been rendered by the plaintiffs, the defendant applied to one of them, and requested him to take charge of some professional business in which Caleb B. Hall was interested *and said that he would pay for it.* The services and expenses were rendered and incurred as charged, and the charges were originally made, to the account of the defendant. The auditor reports no employment of the plaintiffs by Caleb B. Hall, nor any promise from him that they should be paid for their services; nor does he find a conditional promise by the defendant, that he would pay their account if Caleb B. Hall did not. If such had been the finding of the auditor, the authorities read at the hearing of the case clearly show, that the defendant's promise would be collateral and within the statute of frauds. The whole question is resolved into the simple inquiry, on whose credit or responsibility were the services rendered. If they were rendered upon the credit of Caleb B. Hall, or if he was liable for that account, the defendant's promise is collateral and void; but if the services were rendered on the credit of the defendant alone, his promise to pay for them is original and binding, though the services may have been rendered for the benefit of another. The question is mainly one of fact, and ordinarily the circumstance that the defendant alone employed the plaintiffs, that their services were rendered in pursuance of that employment, and that the charges were made at the time to the defendant are sufficient proof that the account accrued on his credit and responsibility. But these considerations probably are not conclusive, as the question depends not altogether upon the words of the promise or the manner of charging, but upon the particular circumstances and general features of the transaction; *Matson* v. *Wharam*, 2 Term. 80; *Elder* v. *Warfield*, 7 Har. & J. 391; Chitty on Cont. 508. In determining the question on whose credit the services were rendered, the fact that the plaintiffs in 1847, and afterwards in 1849, called upon Caleb B. Hall for payment of this account, and claimed that he was liable upon it, is not unimportant. If the defendant's promise had been ambiguous and its language had

been consistent with a collateral engagement, that circumstance might determine the result of the case. The case of *Rains* v. *Storrey*, 3 Car. & P. 181, seems to have turned on that testimony. See also *Simpton* v. *Penton*, 2 Cromp. & Mees. 430. In this case the defendant's promise to pay the plaintiffs for their services was made in clear and definite language, and absolute in its character. There is no ambiguity in the promise, or in the employment, or in the manner of charging; nor are there any circumstances stated in the case, upon which the plaintiffs can rely, to fasten any liability for the payment of this account on Caleb B. Hall; and, so far as it is to be regarded as a question of fact, the report of the auditor and the judgment of the county court on that report must be regarded as having determined the matter for the plaintiffs.

Judgment affirmed.